Scileppi, J.
On April 11, 1968 appellant Michael White, William Leroy White and William Wallace Brown (two codefendants not involved in this appeal) were convicted, after a jury trial, of robbery in the first degree, grand larceny in the first degree and assault in the second degree.
At the trial William Lance, the 65-year-old victim, testified that after he had made a condolence call to a friend in Brooklyn, he walked to a subway station at approximately 11:00 p.m. About a block before the station he was approached by one Ariel Alexis Slowe who asked him for carfare. He gave her a subway token and then they walked together about one block to the station. As he was about to descend the stairs, he was suddenly attacked and robbed by three male assailants.
Sgt. John T. Lynch and Patrolman Sam Femminello, the arresting officers, testified that as they were driving by the subway station in a radio car, they saw three men emerge from the subway and assail the victim. They immediately stopped the car and were able to arrest William Leroy White. Appellant and the other codefendant Brown were later arrested on information given by Miss Slowe. At the trial neither the officers nor Mr. Lance were able to identify appellant as one of the attackers.
Miss Slowe testified that she had formerly lived in the neighborhood where the attack had occurred. On the day in question she had visited her sister and friends and in the evening had made a condolence call to the same person the victim had. She was acquainted with the three codefendants and had spoken to one of them during the day. She stated that before meeting Mr. Lance that evening, she loaned all her money to a friend of her brother who was supposed to bring change to her and when he did not return, she saw Mr. Lance and asked him for carfare. She was present during the attack and told the assailants to leave Mr. Lance alone. She was told to shut up. She identified all three defendants at the trial. Appellant’s only witness was a life-long friend who testified that he had seen Miss Slowe drinking with the codefendants during the day.
*278 Before the jury retired, appellant’s attorney requested the court to charge the jury that if they found Miss Slowe was an accomplice, corroboration connecting defendants to the commission of the crime would then be required. The court ruled that: “ There is no evidence [in the record] of any kind or nature which will support a finding of this kind and for that reason it will not so charge ”.
Thus, the sole issue raised on this appeal is whether it was error for the trial court to refuse to give the requested charge. The test of whether a witness is an accomplice is whether he can be indicted as a principal (People v. Kupperschmidt, 237 N.. Y. 463), therefore, there must be a showing that the witness took part in the preparation or perpetration of the crime with the intent to assist therein (People v. Rossi, 11 N Y 2d 379; People v. Cohen, 223 N. Y. 406), or that the witness counseled, induced or encouraged the crime (People v. Clougher, 246 N. Y. 106).
It is our opinion that in the instant case, it was not necessary for the trial court to give the requested accomplice charge because there is no evidence in the record before us which would support a finding that the witness was an accomplice (People v. Youlio, 243 N. Y. 519). Her mere presence on a public street alone or her borrowing of a token from the victim would not have allowed the jury to infer that she participated in the commission of the crime. The token was borrowed a block away from the subway .station where the attack occurred and the victim was in no way distracted or misled by her for any purpose connected with the crime. The victim was not lured by her into a deserted area and there is no indication in the record that she forced or persuaded him to go to the station. Indeed, he would have gone that way even if he had never met her. Nor is the fact that she was acquainted with the perpetrators of the crime probative of her involvement or intent to aid, prepare or perpetrate the crime.
Thus, on the record before us, we hold as a matter of law, that the witness was not an accomplice (People v. Rossi, supra). Consequently, it was not error for the trial court to refuse to charge as requested. If we were to hold to the contrary, an accomplice charge would be required whenever a mere eyewitness testified against defendants in a criminal prosecution.
Accordingly, the judgment appealed from should be affirmed.