Order reversed and a new trial ordered in the following memorandum : Defendant’s conviction for conspiracy to sell dangerous drugs to a minor was based in part on testimony of codefendants named in the conspiracy indictment. Given the naming of the witnesses as coconspirators and defendants in the indictment, and emphasized by the evidence in the record connecting the codefendants with the conspiracy, the Trial Judge should havejnstructed the jury that the codefendants were accomplices as a matter of law and that, therefore, the defendant could not be convicted on their testimony without corroborating evidence (Code Crim. Pro., § 399; e.g., People v. Diaz, 19 N Y 2d 547, 549; People v. Kupperschmidt, 237 N. Y. 463, 465). Failure *697 to so charge the jury was necessarily harmful error (People v. Diaz, 19 N Y 2d 547, 549-550, supra).
Concur: Chief Judge Fuld and Judges Burke, Bergan, Breitel and Gibson. Judges Scileppi and Jasen dissent and vote to affirm in the following memorandum: We would affirm. Even though the codefendants may be considered accomplices as a matter of law, there was still sufficient corroborative evidence tending to connect the appellant with the commission of the crime charged. The corroboration requirement of section 399 of the Code of Criminal Procedure was fully met. (People v. Morhouse, 21 N Y 2d 66, 74.)