OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted after a jury trial of felony murder, the predicate felony being robbery. Although evidence at trial showed that one Deborah Andersen was present in the victim’s apartment during both the conversation concerning the possible robbery and the commission of the crime, the record is devoid of any direct proof that she aided in the preparation or execution of the crimes of which the defendant was charged. Under these circumstances, the Trial Judge properly submitted the question of whether or not Deborah Andersen was an accomplice to the trier of the facts. (E.g.,
 
 People v Basch,
 
 36 NY2d 154, 157;
 
 People v Clougher,
 
 246 NY 106, 111.)
 

 CPL 60.22 (subd 2) defines an "accomplice” whose testimony must be supported by corroborative evidence as "a witness in á criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” While the inclusion of paragraph (b) was intended by the Legislature to expand what was envisioned to be an unduly restrictive common-law definition of an accomplice (see
 
 People v Beaudet,
 
 32 NY2d 371, 378), there remains the requirement that the alleged accomplice be in some manner "implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.22, pp 194-195; see
 
 People v Basch,
 
 36 NY2d 154, 157,
 
 supra.)
 
 It cannot be said, as a matter of law, that this requirement was met in this instance.
 

 We have examined the remainder of defendant’s contentions and have found them to be without merit.
 

 There remains for comment, however, one additional point. This case is now before the court by permission of a Justice of the Appellate Division who did not participate in its
 
 *821
 
 disposition in the court below. While such procedure is presently authorized (CPL 460.20, subd 2, par [a]), we believe the better practice to be that which was recently advocated by the Advisory Committee on Criminal Law and Procedure — to wit, that an appellant be prohibited from seeking leave to appeal to the Court of Appeals from a Justice of the Appellate Division who did not participate in the determination of the case. (Twenty Second Ann Report of the Administrative Bd. of the NY Judicial Conference 1977, p 318.)
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.