OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant argues that the witness Destino was an accomplice as a matter of law in the intentional murder of James Amico. The People counter that though Destino was an accomplice as a matter of law in the earlier assault of and attempt to rob Amico, the murder was a later and separate crime and, in any event, the issue was not preserved. Defendant’s attorney moved for a trial order of dismissal at the close of the People’s case on the ground of insufficiency of Destino’s testimony because he was an accomplice as a matter of law and was granted an exception by the Trial Judge when he ruled to the contrary on the intentional murder count. He also submitted a written request for a charge that Destino was an accomplice as a matter of law at the end of the trial. Clearly, therefore, the issue was brought to the attention of the Trial Judge in ways that pinpointed the legal question (People v Le Mieux, 51 NY2d 981, 982; People v Cona, 49 NY2d 26, 34; see CPL 470.05). Nor can it be said that by requesting the addition of a sentence to the accomplice as a matter of fact charge given by the court, he waived the legal issue previously twice raised.
Though the question was preserved, we agree with the Trial Judge that under the circumstances of this case Destino could not be said to have been an accomplice as a *801 matter of law to the intentional murder charge. The corroboration rule established by CPL 60.22 applies, according to subdivision 2, to a witness who “according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” Thus, defendant would be entitled to a charge that Destino was an accomplice as a matter of law only if on the evidence the jury could reasonably reach- no other conclusion than that he participated in an offense within that definition. Here that is not the case.
Nothing connects Destino to the intentional murder other than the use of his car. As to that, the only evidence adduced is that the car was provided so that Amico could be taken to a hospital, and that it was not until four hours later that Destino learned that the others (with whom he had been involved as the driver in the robbery attempt and assault upon Amico) had dumped Amico in the Barge Canal instead of taking him to the hospital. Had the loan of the car followed upon the heels of the assault there might be a basis for defendant’s argument. Here, however, there was a significant time interval, the agreement by Destino to allow use of his car was made so far as appears for a completely different purpose, and there is no evidence suggesting that the intention to murder rather than assist Amico was formed until after the car was loaned. Nor can Destino’s participation in removing bloodstains from the interior of his car after the murder make him an accomplice (Grunewald v United States, 353 US 391, 405-406; ALI Model Penal Code [Tent Draft No. 10], § 5.03, p 152).
No more can Destino be said as a matter of law to have participated in an offense based upon the same or some of the same facts or conduct which constitute the offense charged by reason of his part in the earlier robbery and assault. The offense charged is intentional murder in that defendant “caused the death of said James Amico by throwing him into the Barge Canal and causing him to drown.” None of the facts or conduct involved in the robbery attempt and assault are also involved in that charge. People v Cona (49 NY2d 26, supra) is not to the contrary for *802 it involved “an ongoing criminal enterprise pursuant to which police officers solicited bribes from gamblers on a regular basis in return for ‘protection’ ” (49 NY2d, at p 35). Here there is nothing in the “evidence adduced in such action” (which is what CPL 60.22 requires) that requires a finding that the murder was likewise part of an ongoing enterprise. Nor do People v Dorta (46 NY2d 818); People v Arce (42 NY2d 179) or People v Jenner (29 NY2d 695) help defendant. Arce and Jenner each involved but one crime, not separate crimes, and Dorta appears to be authority in favor of rather than against the result here reached.
 Defendant’s remaining arguments furnish no greater basis for reversal. The Trial Judge’s refusal to allow cross-examination of Destino concerning the sentence he could have received had a plea bargain not been made for his testimony was not error (People v De Vito, 56 NY2d 846, 847). The denial of a severance of trial was on the ground of prematurity. By failing thereafter to renew the objection, defendant’s counsel waived it. No objection to the accomplice charge as originally given was made; error in it is thus beyond our review (People v Johnson, 47 NY2d 124). To the extent that a request was addressed to the supplemental charge, it constituted a concurrence in the charge now claimed to be erroneous and, therefore, constitutes no due process violation (People v Dekle, 56 NY2d 835).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed in a memorandum.