OPINION OF THE COURT
Simons, J.
Defendant appeals a judgment convicting him of robbery in the second degree (Penal Law § 160.10) and criminal possession of a weapon in the third degree (Penal Law § 265.02). He asserts error in the court’s refusal to instruct the jury that the prosecution’s witness, Terri Jo Graves, was an accomplice as a matter of law and, therefore, that her testimony had to be corroborated. The issue is whether Graves, who previously pleaded guilty to aiding the defendant’s crime as a result of a favorable plea bargain, could create a question of fact as to her accomplice status at defendant’s trial by forswearing complicity. We agree with defendant that she may not and, therefore, reverse the order of the Appellate Division and remit the matter for a new trial.
The charges arise out of an early morning robbery of Horace Young, an acquaintance of Graves. Young told police he met Graves one evening at a local bar where she intro *265 duced him to defendant and requested that Young drive them home in his automobile. Graves got in the front passenger seat while defendant rode in the back seat. When the three arrived at defendant’s residence, defendant struck Young in the face with a bottle, robbed him of $200 and pushed him out of the car. He and Graves drove away in the victim’s automobile.
Young identified Graves to the police and they subsequently arrested her and charged her with robbery in the second degree. Based on Graves’ statements, the police arrested defendant but Young was unable to identify him as the robber. Thereafter, Graves waived immunity and testified against defendant before the Grand Jury. Following her Grand Jury testimony, she entered a plea of guilty to the misdemeanor of criminal facilitation in the fourth degree (Penal Law § 115.00) in full satisfaction of the charge of robbery, second degree. As she acknowledged at trial, her plea was the result of an agreement with the prosecution that she would be permitted to plead guilty to the misdemeanor in exchange for testifying against the defendant.
Graves repeated her testimony against defendant at trial. In response to extended questioning by the prosecutor, she claimed she had been an unknowing and unwilling participant in the robbery. She pleaded guilty to facilitation, she said, because she felt "responsible” for the crime. Notwithstanding this testimony, defendant urged that Graves be considered an accomplice as a matter of law because of her guilty plea and her agreement with the prosecution to testify against him in exchange for a reduction of her charges. The trial court ruled against defendant and submitted Graves’ accomplice status to the jury. The Appellate Division, applying the rule in People v Basch (36 NY2d 154), affirmed. It concluded that notwithstanding Graves’ plea to facilitation, her assertion of innocence at trial was sufficient to take the issue to the jury because her testimony allowed different inferences to be drawn about her complicity.
CPL 60.22 (2) provides that an accomplice is a witness who, according to evidence adduced at trial, "may reasonably be considered to have participated” in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged. Graves acknowledged, by her plea of guilty to facilitation, that she "believed it probable” that she was aiding defendant in the commission of the crime of robbery in the second degree (see, Penal Law *266 § 115.00 [1]).* She was, therefore, a witness who could reasonably be considered to have participated in an offense based on some of the same facts or conduct which constituted the offense of which defendant was charged. Nevertheless, the People claim that because she denied guilt at trial her accomplice status was for the jury under the rule in Basch.
In People v Basch (36 NY2d 154, 157, supra), we held that "[i]f the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity * * * the question should be left to the jury for its determination” (see also, People v Cobos, 57 NY2d 798, 801; People v Beaudet, 32 NY2d 371, 376). The holding was consistent with the general rule that where there exists a conflict in the evidence as to the truth of a witness’s testimony, the issue of credibility is for the trier of fact. Such was the case in People v Basch (supra) which involved a young man who allegedly had remained on a hill 100 yards away while his fellow snowmobilers burglarized a vacant Kiwanis clubhouse. At the time of trial the witness’ guilt or innocence was unresolved and the evidence that he knew the intentions of his companions or that he agreed to act as a lookout was conflicting. Recognizing that the testimony of the various witnesses not only conflicted but also was susceptible of various interpretations, we held that it was for the jury to resolve those conflicts, draw the appropriate inferences and determine defendant’s accomplice status after doing so (see, People v Basch, 36 NY2d 154, supra).
In the present case there is no conflict in the evidence of Graves’ activities the night of defendant’s crime. She and the victim, the only witnesses to the crime, agree that she introduced defendant to Young and requested Young to take them home; that she was in the car when the robbery occurred and that she drove away from the scene with defendant. The open question was her awareness of defendant’s intentions. She answered that by pleading guilty to helping defendant obtain a ride believing he intended to rob Young. That plea was unassailable. Nothing about it or the proceedings at which it *267 was taken suggest that Graves was innocent or mistakenly pleaded guilty. Indeed, the People do not contend now that she was innocent or that she pleaded guilty for any reason except to obtain the benefit of a bargain for her testimony. On this state of the record there were no inferences to be drawn from incomplete or inconsistent trial evidence: the only conflict on Graves’ accomplice status was a conflict she created at trial by disavowing her prior plea. Thus, this case is factually distinguishable from People v Basch (36 NY2d 154, supra). Moreover, there are strong policy reasons why the Basch rule of conflicting inferences should not be applied in these circumstances.
First, the practice undermines the rule requiring corroboration. The law recognizes that accomplice testimony is inherently untrustworthy because those charged with a crime often seek to escape the consequences and curry favor with officials by implicating others (see, People v Hudson, 51 NY2d 233, 238; People v Cona, 49 NY2d 26, 35-36; see generally, 7 Wigmore, Evidence § 2057 [Chadbourn rev 1978]). Corroboration is required to "protect the defendant against the risk of a motivated fabrication” by insisting on proof "other than that alone which originates from a possibly * * * self-interested accomplice” (see, People v Hudson, supra, at 238). Often the motivation for accomplice testimony is a matter of surmise but there is no need to speculate here on whether Graves was attempting to curry favor with officials by her testimony. Both she and the prosecutor acknowledged the price of her assistance: she obtained a substantially reduced charge in exchange for a promise to implicate the defendant (see, People v Daniels, 37 NY2d 624, 629; People v Kress, 284 NY 452, 459).
There could be no stronger or more persuasive evidence of complicity than Graves’ unimpeached plea of guilt but the legal effect of it was vitiated by her testimony at trial. By simply disavowing the plea, an inherently unreliable witness was able to submit herself to the jury as a reliable witness, thus allowing the prosecutor to avoid the corroboration required to protect defendant’s conviction solely on evidence that could be fabricated.
Nor should the People be permitted to embrace both of Graves’ contradictory claims. It is familiar doctrine that a prosecutor serves a dual role as advocate and public officer charged with the duty not only to seek convictions but to see that justice is done (see, Brady v Maryland, 373 US 83, 87-88; *268 People v Pelchat, 62 NY2d 97, 105-106). He must not only prosecute the guilty but also ensure that the innocent do not suffer (see, People v Jones, 44 NY2d 76, 80). In this case, the prosecutor in seeking the former appeared careless of the latter. Before trial, he sought Graves’ unequivocal admission of guilt but at trial he elicited a denial of guilt from her. Thus, in summation, he was required to explain to the jury the inconsistency between Graves’ plea and her trial testimony. He did so by suggesting that Graves was not really guilty (although he had charged her as a principal and she had been convicted as a facilitator); that she may have been coerced into committing the crime or acted out of fear of defendant (although she did not claim coercion); and, finally, that she was telling the truth at the trial and had pleaded guilty only out of a sense of moral responsibility for the harm done to Young, her former friend. Needless to say, such an argument, given the People’s prior position on Graves’ guilt, does substantial damage to the integrity of the criminal justice process and intensifies the common distrust of accomplice testimony by creating the perception that Graves, in exchange for her plea to a reduced charge, may have promised not only testimony against defendant but also to disavow her guilty plea at trial.
That is not to say that a witness’s guilty plea is always conclusive on the question of guilt in a criminal case involving another party. Our decision rests not on principles of collateral estoppel, as contended by the dissent, but rather on the policy reasons which underlie the corroboration requirement of the statute. The rule stated is limited to situations where a witness, who is an alleged accomplice under CPL 60.22, has given an unqualified plea to a lesser crime, supported by unchallenged evidence of guilt, in exchange for inculpatory testimony against a defendant. Having sought that result, the People may not thereafter assist the witness to disavow guilt thereby obtaining the benefit of a lesser quantum of proof of defendant’s guilt by avoiding the need for corroboration. Under such circumstances, the witness should be considered an accomplice as a matter of law and the prosecution should be required to come forward with corroborating testimony in accordance with CPL 60.22.
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

 The superior court information charged that Terri Jo Graves "believing it probable that she was rendering aid to Louis Sweet to commit the crime of Robbery in the Second Degree by providing him with a ride with the victim, Horace Young, thus provided the said Louis Sweet with the means and opportunity for the commission of such crime and, in fact, aided the said Louis Sweet to commit a felony.”