■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKI BYNUM, Appellant. [712 NYS2d 523] —Judgments, Supreme Court, New York County, rendered December 15, 1997 (Harold Rothwax, J., at hearing and trial; William Wetzel, J., at sentence) and March 26, 1998 (William Wetzel, J.), convicting defendant, after a first jury trial, of robbery in the first degree, and convicting him, after a second jury trial, of attempted murder in the first degree (2 counts) and robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 25 years to life on each attempted murder conviction and to a term of 25 years on each robbery conviction, all sentences to run consecutively, unanimously affirmed.

Evidence of the uncharged Brooklyn crimes was properly admitted at the first trial to prove defendant's identity as the assailant in the Manhattan incidents, since the various Brooklyn and Manhattan incidents shared a sufficiently unique modus operandi such that proof that defendant committed the Brooklyn offenses was material evidence that he committed the charged Manhattan crimes. Furthermore, the weapon used in one of the Manhattan incidents was linked by ballistics evidence to one of the Brooklyn incidents. Defendant's identity as the perpetrator in the Brooklyn cases was established by clear and convincing evidence after sufficient proceedings pursuant to *People v Ventimiglia* (52 NY2d 350).

Consolidation of the two Manhattan indictments at the first trial was appropriate, because proof of one Manhattan robbery would have been admissible as evidence in chief on the issue of identity in the other Manhattan robbery (CPL 200.20 [2] [b]; [4]). They were also properly consolidated as similar in law (CPL 200.20 [2] [c]; [4]) and defendant was not prejudiced by the joint trial.

At both of defendant's trials, the respective trial courts properly exercised their discretion in precluding excessively collateral and remote evidence concerning alleged police misconduct (*see, People v Hudy*, 73 NY2d 40, 56).

The late disclosure at the first trial of certain police reports did not warrant a mistrial, since there was no showing of bad faith on the part of the People and the defense received the reports in time to cross-examine the witnesses about their purported belief at one time that they would not be able to identify the assailant. Defendant made full use of these reports on cross-examination.

The hearing court properly denied suppression of defendant's precinct statement, since the detective's preceding remark, under the totality of circumstances, was not reasonably likely to elicit incriminating statements. In any event, were we to find that this statement should have been suppressed, we would find that error to be harmless because the statement, which was received in evidence at the first trial only, pertained, at most, to the crimes of which the first jury failed to reach a verdict, and could not have affected the guilty verdict reached at that trial.

At the second trial, the People were properly permitted to impeach their own witness through prior testimony (CPL 60.35). The witness's testimony that he did not think defendant was the perpetrator and that defendant did not even resemble the perpetrator affirmatively damaged the People's case (*compare, People v Saez*, 69 NY2d 802).

The issue of the admissibility of statements defendant made to a confidential informant after the attachment of the right to counsel, in the circumstances here presented, involved a question of law, and resolution of that issue was for the court. Defendant's request to have this issue submitted to the jury pursuant to CPL 710.70 (3) was thus properly denied (*see, People v Medina*, 146 AD2d 344, 349-351, *affd* 76 NY2d 331).

Defendant's motion to suppress identification testimony was properly denied. Nothing in the composition of the lineup or the detective's remarks to the witnesses before and during the viewings unfairly singled out defendant.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Lerner and Friedman, JJ.