(April 18, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON DICKENSON, Appellant. [742 NYS2d 398] —Spain, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered February 23, 1999, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and criminal mischief in the second degree.

Defendant and Christopher Holman were jointly accused in a two-count indictment with grand larceny in the third degree and criminal mischief in the second degree, charging them with illegally cutting and removing trees from state-owned property between July 1997 and September 1997 in the Town of Halcott, Greene County. Before trial, Holman pleaded guilty to the lesser charge of grand larceny in the fourth degree for stealing state timber. At trial, Holman and Richard O'Leary, who was hired by defendant to log the trees at issue here, both testified and the jury convicted defendant as charged. Upon defendant's appeal, the narrow corollary issues are whether

County Court erred in concluding that O'Leary was not an accomplice as a matter of law to defendant's criminal act of logging state-owned trees and whether County Court properly denied defendant's request to allow the jury to determine as a matter of fact whether O'Leary was an accomplice.

The evidence at trial demonstrated that defendant and Holman conspired to intentionally steal state-owned trees by seeking and obtaining a contract to log trees from adjacent private land for the purpose of gaining access to state lands. Defendant hired O'Leary to work on the job. According to the testimony of Holman and O'Leary, however, defendant did not inform O'Leary that the trees were located on state land until after the job was completed. During the course of this logging operation, Holman and O'Leary reached a side agreement to sell trees that had already been cut from state land without telling defendant or giving him any proceeds from the sale.

County Court instructed the jury that Holman was an accomplice to defendant's crimes, but refused to do so with respect to O'Leary, finding that while O'Leary may have been an accomplice to Holman's theft *from defendant,* he was not an accomplice to *defendant's theft* from the state. We find that County Court was correct and affirm the resulting convictions.

By statute, "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]). An accomplice is a person who "may reasonably be considered to have participated in * * * [t]he offense charged; or * * * [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]; *see, People v Besser,* 96 NY2d 136, 147). A witness may be considered an accomplice as a matter of law if the undisputed evidence shows the witness's complicity (*see, People v Sweet,* 78 NY2d 263). Where different inferences may be drawn, the question of the witness's complicity must be determined by the jury as a matter of fact (*see, People v Basch,* 36 NY2d 154).

A review of the facts adduced at trial does not support defendant's argument that O'Leary is an accomplice as a matter of law based upon his complicity with Holman in stealing timber from defendant, which is not the offense charged or conduct that constituted part of the offense with which defendant was charged. O'Leary's theft from defendant was merely collateral to defendant's theft from the state, and it cannot be said that any offense by O'Leary is "[a]n offense based upon the same or some of the same facts or conduct" (CPL 60.22 [2]

[b]) with which defendant was charged and convicted. In this regard, a witness's connection to a collateral crime, without knowing participation in the crime with which the defendant is charged, does not render him or her an accomplice for purposes of CPL 60.22 (*see*, *People v Brooks*, 34 NY2d 475, 477-480). Since O'Leary was not an accomplice to defendant as a matter of law, O'Leary's testimony was properly used to corroborate Holman's testimony. Viewing the testimony and other evidence in the light most favorable to the People, we find that it was legally sufficient to sustain the convictions (*see*, *People v Bleakley*, 69 NY2d 490, 495; *People v Contes*, 60 NY2d 620, 621).

Regarding defendant's related contention, a trial court is required to submit the question of whether a witness is an accomplice to a jury only where "different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition" (*People v Basch*, *supra* at 157). In light of the undisputed testimony of O'Leary and Holman that O'Leary did not know that the trees were taken from state land until well after the job was finished, no jury could reasonably conclude that O'Leary knew that he was removing trees from state property. Accordingly, County Court did not err in refusing to submit the question of O'Leary's complicity to the jury.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.