■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFRI URTADO, Appellant. [804 NYS2d 2]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered October 11, 2002, convicting defendant, after a jury trial, of tampering with physical evidence, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Defendant's behavior after a shooting incident in which the car he was driving was damaged by gunfire warranted the conclusion that defendant intended to prevent the use of his car in an official proceeding (*see* Penal Law § 215.40 [2]), and did not intend simply to repair the car or hide the damage from his aunt, the car's lessee.

Defendant's statement to a detective, made after the attachment of the right to counsel, should have been suppressed since the detective's question constituted interrogation. However, admission of that statement at trial was harmless, as it had nothing to do with the sole count upon which defendant was convicted and could not have affected the verdict on that count (*see e.g. People v Bynum*, 275 AD2d 251, 252 [2000], *lv denied* 95 NY2d 961 [2000]). Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.