■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT JOHNSON, Appellant. [816 NYS2d 607]—

Crew III, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 30, 2004, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

On January 22, 2004, defendant enlisted the assistance of Kristina Pagan to aid him in transporting drugs from New York City to Albany County. Defendant placed a plastic bag containing separate bags of cocaine in Pagan's knapsack and gave Pagan $40 for a bus ticket and an additional $100 as travel expense back to New York City in the event problems arose. Defendant and Pagan then purchased bus tickets to Albany under false names.

In Albany, police officers Eugene Duda and Carmen Frangella were engaged in drug interdiction at the Albany bus terminal when they observed defendant and Pagan exit their bus. As a result of their suspicious conduct, the officers approached the taxicab in which defendant and Pagan were seated and began questioning them. Upon smelling the scent of acetone[1] emanating from Pagan's knapsack, Duda asked for and received Pagan's consent to search the knapsack. The search revealed cocaine and both defendant and Pagan were arrested.

Thereafter, defendant was indicted and charged with one count of criminal possession of a controlled substance in the first degree and one count of criminal possession of a controlled substance in the third degree. While that indictment was pending, Pagan, having revealed that the drugs in question belonged to defendant, pleaded guilty to criminal possession of a controlled substance and testified against defendant at his ensuing trial. At the conclusion of the trial, defendant was found guilty as charged and was sentenced to prison terms of 20 years to life

---

1. Acetone is a substance commonly mixed with cocaine.

on the first degree conviction and 10 to 20 years on the third degree conviction, said sentences to run concurrently.[2]

Initially, defendant contends that his right to a fair trial was compromised by reason of prosecutorial misconduct. We disagree. During the course of the trial, the People introduced into evidence several letters written by defendant to Pagan from which a jury could conclude that defendant was incarcerated at the time of the writings. Clearly, the letters at issue were of considerable probative value and were properly offered by the People and admitted into evidence by County Court.

Next, defendant contends that Pagan's testimony concerning conversations with him preparatory to transporting the drugs to Albany constituted hearsay and was thus improperly admitted into evidence. Suffice to say that admissions and confessions are exceptions to the hearsay rule and are admitted into evidence as declarations against penal interest by an unavailable declarant (*see* Prince, Richardson on Evidence § 8-251 [Farrell 11th ed]).

Next, defendant contends that County Court erred in instructing the jury as to accomplice testimony. Again, we disagree. Here, by pleading guilty to criminal possession of a controlled substance, Pagan conclusively established her complicity and County Court quite properly rendered an accomplice instruction to the jury (*see People v Sweet*, 78 NY2d 263, 267 [1991]).

Finally, we reject defendant's contention that he was denied the effective assistance of counsel. A review of the record reveals that counsel engaged in vigorous and meaningful representation at every stage of the proceedings, defendant's claims to the contrary notwithstanding. We have considered defendant's remaining contentions, including those asserted in his pro se brief, and find them to be equally without merit.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Defendant was resentenced thereafter to a prison term of 14 years on the first degree conviction, to run concurrently to the 10 to 20 years on the third degree conviction.