■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SERRANO, Appellant. [897 NYS2d 455]—Appeal by the de-

fendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered April 8, 2008, convicting him of murder in the first degree (20 counts), murder in the second degree (10 counts), arson in the third degree, robbery in the first degree (6 counts), conspiracy in the fourth degree, perjury in the second degree, and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Williams*, 38 AD3d 925 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The counts of the indictment charging murder in the first degree are not multiplicitous (*see People v Timmons*, 54 AD3d 883 [2008]). Furthermore, the defendant's challenge to the instructions given to the grand jury is not reviewable on appeal, as his judgment of conviction was based upon legally sufficient evidence (*see People v DeHaney*, 66 AD3d 1040 [2009]). Moreover, the defendant failed to make a sufficient record to permit review of his claim that the trial court erred in its response to a jury note (*see People v Ramirez*, 60 AD3d 560 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Covello, J.P., Angiolillo, Balkin and Lott, JJ., concur.