Peters, P.J.
Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered October 29, 2012, upon a *1097 verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree, criminal sale of a firearm in the third degree and attempted intimidating a victim or witness in the second degree.
Defendant was charged with criminal possession of a weapon in the third degree, criminal sale of a firearm in the third degree and intimidating a victim or witness in the second degree arising out of his sale of a .22 caliber handgun to Dustin Lewandowski and subsequent threats against Lewandowski for providing a statement to police identifying him as the seller. Following a jury trial at which Lewandowski testified as the principal witness for the People, defendant was convicted of attempted intimidating a victim or witness in the second degree, as a lesser included offense, as well as the remaining counts of the indictment. County Court sentenced him to a term of imprisonment, and this appeal ensued.
Defendant’s contention that he was deprived of his right to testify before the grand jury is without merit. Defense counsel was given notice on a Thursday that the People intended to present matters charged in pending felony complaints to the grand jury on the following Tuesday. Defense counsel responded the next day stating that she could not advise as to whether defendant wished to testify until she was informed whether the grand jury would hear the “weapon charge or the witness charge or both.” The People notified defense counsel the next business day (the day prior to the presentment) that all pending charges would be presented. No response was forthcoming. Under these circumstances, we find that defendant was accorded a reasonable time to exercise his right to appear and testify before the grand jury, but failed to notify the People in writing of his intention to do so (see CPL 190.50 [5] [a]; People v Sawyer, 96 NY2d 815, 816 [2001]; People v Small, 112 AD3d 857, 858 [2013]; People v Henderson, 74 AD3d 1567, 1568 [2010]; People v Ballard, 13 AD3d 670, 671 [2004], lv denied 4 NY3d 796 [2005]). As such, his motion to dismiss the indictment on this basis was properly denied.
We agree with defendant that County Court erred in failing to charge the jury that Lewandowski was an accomplice as a matter of law with respect to the weapon possession and sale charges. “A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense” (CPL 60.22 [1]). Pursuant to CPL 60.22, an accomplice is a person who “may reasonably be considered to have participated in . . . [t]he offense charged; or . . . [a]n of *1098 fense based upon the same or some of the same facts or conduct which constitute the offense charged” (CPL 60.22 [2] [emphasis added]). Notably, the definition of an accomplice for the purpose of the corroboration rule differs significantly from the definition of an accomplice for purposes of accomplice criminal liability (see People v Berger, 52 NY2d 214, 219 [1981]; compare CPL 60.22 with Penal Law § 20.00). CPL 60.22 broadens the definition of an accomplice “ ‘in order to provide a more equitable, operable and consistent standard for the courts in determining when the requirement of corroboration is applicable’ ” (People v Basch, 36 NY2d 154, 157 [1975], quoting People v Beaudet, 32 NY2d 371, 378 [1973]). Thus, to be an accomplice for corroboration purposes, the witness “must somehow be criminally implicated and potentially subject to prosecution for the conduct or factual transaction related to the crimes for which the defendant is on trial” (People v Adams, 307 AD2d 475, 476 [2003], lv denied 1 NY3d 566 [2003]; see People v Fielding, 39 NY2d 607, 610 [1976]; People v Basch, 36 NY2d at 157).
Here, the evidence established that Lewandowski did not have a license to possess the handgun he bought from defendant. Thus, although Lewandowski could not be subject to prosecution for criminal sale of a firearm, he was potentially subject to prosecution for — and was, in fact, charged with — criminal possession of a weapon in the fourth degree since he unlawfully possessed the weapon as soon as he made the purchase (see Penal Law §§ 265.01 [1]; 265.20 [a] [3]). Just as the purchaser in a drug sale is, as a matter of law, an accomplice of the seller for corroboration purposes (see People v Knightner, 11 AD3d 1002, 1004 [2004], lv denied 4 NY3d 745 [2004]; People v Webster, 123 AD2d 488, 488-489 [1986]; People v Tune, 103 AD2d 990, 991-992 [1984]), here Lewandowski was an accomplice as a matter of law with respect to defendant’s weapon sale and possession charges since he could have been (and was) charged with a crime “based upon some of the same facts or conduct” upon which the charges against defendant were based (CPL 60.22 [2] [b]; see People v Sweet, 78 NY2d 263, 266 [1991]; People v Adams, 307 AD2d at 477; compare People v Dickenson, 293 AD2d 867, 868-869 [2002]). County Court was therefore required to instruct the jury that Lewandowski was an accomplice as a matter of law as to those charges, and that defendant could not be convicted on Lewandowski’s testimony absent corroborative evidence (see CPL 60.22 [1]). “Failure to so charge the jury was necessarily harmful error” (People v Jenner, 29 NY2d 695, 696-697 [1971] [citation omitted]; accord People v Minarich, 46 NY2d 970, 971 [1979]; see People v Adams, 307 AD2d at 478; People v Artis, 182 AD2d 1011, 1013 [1992]; People v Arnott, 143 *1099 AD2d 761, 763 [1988]; see also People v Martinez, 83 NY2d 26, 35-36 [1993], cert denied 511 US 1137 [1994]). Accordingly, defendant’s convictions for criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree must be reversed and a new trial ordered thereon.
Defendant also claims that his convictions on the weapon possession and sale charges were not supported by legally sufficient evidence corroborating the accomplice testimony. We disagree. “The corroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime. It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth” (People v Reome, 15 NY3d 188, 191-192 [2010] [internal quotation marks and citations omitted]; see People v Breland, 83 NY2d 286, 293 [1994]). “Corroborative proof is not rendered incompetent merely because an innocent interpretation is possible because the corroboration ‘need not, as must circumstantial evidence, lead exclusively to the inference of the defendant’s guilt’ ” (People v McAndris, 300 AD2d 1, 2 [2002], lv denied 99 NY2d 630 [2003], quoting People v Morhouse, 21 NY2d 66, 74 [1967]).
Here, although the proof regarding defendant’s possession and sale of the firearm came solely from the testimony of Lewandowski, the People presented independent evidence establishing that, shortly after defendant was arrested on those charges, police responded to a report of an altercation between defendant and Lewandowski concerning a firearm. Upon responding to the incident, the police officer testified that Lewandowski appeared scared, was “shaking” and refused to speak to the officer until defendant left the premises. Mindful of the “minimal requirements” of CPL 60.22 (People v Jones, 85 NY2d 823, 825 [1995]), we find that this evidence “provide[s] a suitable nexus supporting a reasonable inference that the defendant was involved” (People v Mensche, 276 AD2d 834, 835 [2000], lv denied 95 NY2d 966 [2000]; see People v Breland, 83 NY2d at 293; People v Morhouse, 21 NY2d at 74; People v Brink, 78 AD3d 1483, 1485 [2010], lv denied 16 NY3d 742 [2011]). Together with Lewandowski’s testimony, the evidence was legally sufficient to support each conviction (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Berry, 78 AD3d 1226, 1228 [2010], lv denied 16 NY3d 828 [2011]).* Having also evalu *1100 ated the evidence in a neutral light while according deference to the jury’s credibility assessments, we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644 [2006]; People v Self, 75 AD3d 924, 926 [2010], lv denied 15 NY3d 895 [2010]).
Lahtinen, Rose and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant’s convictions of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree under counts 1 and 2 of the indictment and vacating the sentences imposed thereon; matter remitted to the County Court of Otsego County for a new trial on said counts; and, as so modified, affirmed.

 Because his convictions are supported by legally sufficient trial evidence, defendant’s challenges to the legal sufficiency of the evidence presented to the *1100 grand jury and the instructions given during that proceeding are precluded (see CPL 210.30 [6]; People v Sorrell, 108 AD3d 787, 789 n 2 [2013]; People v Serrano, 70 AD3d 1054, 1055 [2010], lv denied 14 NY3d 892 [2010]).