■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORBIN D. WHYTE, Appellant. [42 NYS3d 370]—

Rose, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered December 20, 2013, upon a verdict convicting defendant of the crime of tampering with physical evidence.

Defendant was charged by indictment with two counts of murder in the second degree and one count each of robbery in the first degree and tampering with physical evidence based upon allegations that he participated in the robbery and shooting death of the victim. Following the shooting, defendant allegedly disposed of the jacket that he was wearing and directed his paramour, Zsatia Perkins, to dispose of his boots. After defendant's first two jury trials resulted in mistrials, the People dismissed one count of murder in the second degree. A third jury trial was thereafter held, following which defendant was convicted of tampering with physical evidence, acquitted of robbery in the first degree and a mistrial was declared as to the lesser included offense of attempted robbery in the first degree and the remaining murder charge. Defendant was sentenced to 2 to 4 years in prison. He now appeals.

Defendant first contends that the verdict was not supported by legally sufficient evidence because the only proof that he tampered with physical evidence is the uncorroborated testimony of Perkins, who defendant alleges is an accomplice as a matter of law. Although defendant moved for a trial order of dismissal at the close of the People's proof, he did not raise the issue of corroboration of Perkins' testimony. Thus, we find that defendant's current contention is unpreserved for our review (*see People v Raysor*, 130 AD3d 1079, 1079 [2015], *lv denied* 27 NY3d 968 [2016]; *People v Anderson*, 120 AD3d 1549,

1549-1550 [2014], *lv denied* 25 NY3d 1198 [2015]). Defendant also argues that the verdict was against the weight of the evidence because there was no credible evidence linking the boots and jacket to the underlying robbery and murder or establishing that he disposed of either item. Although there was conflicting evidence adduced at trial and, thus, a different verdict would not have been unreasonable (*see People v Danielson*, 9 NY3d 342, 348 [2007]), after viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we find that the verdict is supported by the weight of the evidence (*see People v Lucas*, 25 AD3d 822, 824 [2006], *lv denied* 6 NY3d 815 [2006]; *People v Urtado*, 21 AD3d 854, 854 [2005], *lv denied* 6 NY3d 760 [2005]).

Nevertheless, we find merit to defendant's contention that County Court erred in failing to charge the jury that Perkins was an accomplice as a matter of law. Initially, we note that defendant's request to provide an accomplice instruction, which occurred during deliberations and in direct response to a jury note, sufficiently preserved this issue for our review (*see People v Mariano*, 101 AD3d 1367, 1368 [2012]; *People v Lewis*, 116 AD2d 16, 19 [1986]). As to the merits, it is well settled that, "to be an accomplice for corroboration purposes, the witness must somehow be criminally implicated and potentially subject to prosecution for the conduct or factual transaction related to the crime[ ] for which the defendant is on trial" (*People v Medeiros*, 116 AD3d 1096, 1098 [2014] [internal quotation marks and citation omitted], *lv denied* 24 NY3d 1045 [2014]; *see People v Kocsis*, 137 AD3d 1476, 1480 [2016]; *People v Nelson*, 128 AD3d 1225, 1227 [2015], *lv denied* 26 NY3d 1041 [2015]). Thus, "a 'witness is an accomplice as a matter of law only if the jury could reasonably reach no other conclusion but that he [or she] participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged' " (*People v Caban*, 5 NY3d 143, 153 [2005], quoting *People v Besser*, 96 NY2d 136, 147 [2001]; *accord People v Hines*, 24 AD3d 964, 965 [2005], *lv denied* 6 NY3d 834 [2006]; *see People v Sage*, 23 NY3d 16, 23 [2014]).

Perkins' testimony established that she picked defendant up at the same location that the jacket was later found and she subsequently disposed of defendant's boots pursuant to his direction. In addition, she was arrested the same day as defendant, was charged with a felony, entered into a cooperation agreement with the People and, pursuant to that agreement, pleaded guilty to a misdemeanor in exchange for her truthful

testimony against defendant. When defendant requested the accomplice charge, he stated that Perkins had pleaded guilty to "obstructing governmental administration . . . in exchange for not being prosecuted for tampering." In light of this, we find that Perkins was an accomplice as a matter of law "since [s]he could have been (and was) charged with a crime 'based upon some of the same facts or conduct' upon which the charge[ ] against defendant [was] based" (*People v Medeiros*, 116 AD3d at 1098, quoting CPL 60.22 [2] [b]; *see People v Lee*, 80 AD3d 877, 878 [2011], *lv denied* 16 NY3d 833 [2011]; *People v Adams*, 307 AD2d 475, 476 [2003], *lv denied* 1 NY3d 566 [2003]; *see generally People v Fells*, 279 AD2d 706, 711 [2001], *lv denied* 96 NY2d 758 [2001]). Thus, County Court erred in failing to instruct the jury that Perkins was an accomplice as a matter of law and that defendant could not be convicted on Perkins' testimony absent corroborative evidence (*see* CPL 60.22 [1]).*

In addition, we find that County Court's failure in this regard "cannot be considered harmless error on this record," given that defendant's guilt was largely based upon Perkins' testimony (*People v Adams*, 307 AD2d at 478; *see People v Medeiros*, 116 AD3d at 1098-1099; *People v Artis*, 182 AD2d 1011, 1013 [1992]; *see also People v Sage*, 23 NY3d at 25).

Finally, we are unpersuaded by defendant's contention that, since he has already served the term of imprisonment, the indictment should be dismissed (*see People v Extale*, 18 NY3d 690, 696 [2012]; *compare People v Bleau*, 276 AD2d 131, 134 [2001]). In view of our determination, we need not address defendant's remaining contention.

Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tompkins County for a new trial.

---

* In reaching this conclusion, we reject the People's contention that Perkins was, at most, an accessory after the fact based upon her trial testimony that she did not know about the shooting when she disposed of the boots (*see generally People v Sage*, 23 NY3d at 26-27; *People v Sweet*, 78 NY2d 263, 266-268 [1991]; *compare People v Nelson*, 128 AD3d at 1227-1228).