People v Robles (2018 NY Slip Op 01559)





People v Robles


2018 NY Slip Op 01559


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5946 1107/14

[*1]The People of the State of New York, Respondent,
v
Luis Robles, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Conrad Johnson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered May 8, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to concurrent terms of three years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations.
The court providently exercised its discretion in admitting evidence showing that the prescription pill bottle recovered from defendant contained only 24 pills, while bearing a label indicating that he had filled a prescription for 60 pills the day before his arrest and containing instructions to take one tablet twice a day. Although this evidence permitted an inference that defendant had made uncharged sales, it tended to establish intent to sell, an element of the possession charge (see People v Alvino, 71 NY2d 233, 245 [1987]), and its probative value was not outweighed by any prejudicial effect.
The absence of a hearing under People v Ventimiglia (52 NY2d 350 [1981]) was harmless because this evidence was plainly admissible and the lack of an advance ruling could not have caused any prejudice (see People v Sibadan, 240 AD2d 30, 37 [1st Dept 1998], lv denied 92 NY2d 861 [1998]).
To the extent that, after the People's opening statement, defendant raised the issue of a limiting jury instruction regarding this evidence, he abandoned any such request under the circumstances of the trial (see People v Cobos, 57 NY2d 798, 802 [1982]), and we decline to review it in the interest of justice.
As an alternative holding, we find that the absence of such an instruction was also harmless (see People v Williams, 50 NY2d 996 [1980]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK