People v Pettus (2018 NY Slip Op 02366)





People v Pettus


2018 NY Slip Op 02366


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

107887

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RONNIE PETTUS, Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Catherine A. Barber, Guilderland, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 10, 2014, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.
On December 3, 2013, members of the Drug Enforcement Administration (hereinafter DEA) executed a search warrant at a second-floor apartment in the City of Albany that had been observed to be the focal point of drug-trafficking activity. Upon forcibly entering, DEA agents found the apartment vacant and free of occupants but observed several bags containing a white substance, as well as items commonly used in the manufacture of crack cocaine, located in the kitchen. Hearing what appeared to
be the sound of individuals moving down a set of stairs, the agents then proceeded down a stairwell that led into the basement of the building where five individuals, including defendant, were discovered and apprehended. Defendant and his four codefendants were thereafter charged in a two-count indictment with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. Prior to trial, the four codefendants each pleaded guilty to either a charged offense or a reduced charge in satisfaction of the indictment. Following a jury trial at which codefendant James Dozier testified as the principal witness for the People, defendant was convicted as charged and sentenced to a term of imprisonment. He now appeals.
Defendant contends that his convictions are not supported by legally sufficient evidence [*2]and are against the weight of the evidence, claiming that the only proof that he possessed the drugs and other items found in the kitchen came from the uncorroborated and incredible accomplice testimony of Dozier. Viewing the evidence in the light most favorable to the People, we find that the "minimal requirements" for accomplice corroboration were satisfied (People v Jones, 85 NY2d 823, 825 [1995]; see People v Reome, 15 NY3d 188, 191-192 [2010]) and that there exists a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Blackman, 118 AD3d 1148, 1150 [2014], lv denied 24 NY3d 1001 [2014]; People v Matthews, 101 AD3d 1363, 1365-1366 [2012], lvs denied 20 NY3d 1101, 1104 [2013]). Further, although a different verdict would not have been unreasonable had the jury chosen to discredit Dozier's testimony, after evaluating the evidence in a neutral light and according deference to the jury's credibility assessments (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d at 495), we find that the verdict is not contrary to the weight of the evidence (see People v Slaughter, 150 AD3d 1415, 1417-1418 [2017]; People v Blackman, 118 AD3d at 1150).
We agree, however, that a new trial is required because County Court failed to charge the jury that Dozier was an accomplice as a matter of law. Although this error was not preserved at trial (see People v Lipton, 54 NY2d 340, 351 [1981]; People v Gilbo, 52 AD3d 952, 954 [2008], lv denied 11 NY3d 788 [2008]), we exercise our interest of justice jurisdiction to take corrective action given our conclusion that, under the facts and circumstances of this case, the failure to so charge the jury deprived defendant of a fair trial (see CPL 470.15 [3] [c]; [6] [a]; People v Facey, 127 AD3d 1256, 1257 [2015]; People v Artis, 182 AD2d 1011, 1013 [1992]). "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]). For purposes of the corroboration requirement, an accomplice is defined as a witness in a criminal action who "may reasonably be considered to have participated in . . . [t]he offense charged; or . . . [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]; see People v Sage, 23 NY3d 16, 23 [2014]; People v Major, 143 AD3d 1155, 1157 [2016], lv denied 28 NY3d 1147 [2017]). "Thus, to be an accomplice for corroboration purposes, the witness must somehow be criminally implicated and potentially subject to prosecution for the conduct or factual transaction related to the crimes for which the defendant is on trial" (People v Medeiros, 116 AD3d 1096, 1098 [2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 1045 [2014]; accord People v Whyte, 144 AD3d 1393, 1394 [2016]; People v Kocsis, 137 AD3d 1476, 1480 [2016]).
Here, Dozier's unimpeached testimony established that he was at the second-floor apartment on the day in question to purchase crack cocaine [FN1]. He was arrested and charged, along with defendant and the remaining codefendants, with crimes stemming from his presence in the apartment on that date and thereafter pleaded guilty to criminal possession of a controlled substance in the third degree in exchange for his truthful testimony against defendant. Because Dozier "could have been (and was) charged with a crime 'based upon the same or some of the same facts or conduct' upon which the charges against defendant were based," he was an accomplice as a matter of law (People v Medeiros, 116 AD3d at 1098, quoting CPL 60.22 [2] [b]; accord People v Whyte, 144 AD3d at 1394; see People v Sweet, 78 NY2d 263, 266 [1991]; People v Lee, 80 AD3d 877, 878 [2011],
lvs denied 16 NY3d 832, 833, 834 [2011]; People v Adams, 307 AD2d 475, 476 [2003], lv [*3]denied 1 NY3d 566 [2003]). County Court was therefore required to instruct the jury that Dozier was an accomplice as a matter of law and that defendant could not be convicted on Dozier's testimony absent corroborative evidence (see CPL 60.22 [1]). "Failure to so charge the jury was necessarily harmful error," given that the case against defendant rested substantially — if not exclusively — upon the testimony of Dozier (People v Jenner, 29 NY2d 695, 696-697 [1971] [citation omitted]; accord People v Minarich, 46 NY2d 970, 971 [1979]; People v Medeiros, 116 AD3d at 1098-1099; see People v Whyte, 144 AD3d at 1395; People v Adams, 307 AD2d at 478; People v Artis, 182 AD2d at 1013; People v Arnott, 143 AD2d 761, 763 [1988]; compare People v Thorpe, 141 AD3d 927, 935 [2016], lv denied 28 NY3d 1031 [2016]; People v Clarke, 101 AD3d 1646, 1647 [2012], lv denied 20 NY3d 1097 [2013]). Accordingly, the judgment of conviction must be reversed and a new trial ordered.
In light of our determination, we need not address defendant's remaining contention.
Garry, P.J., McCarthy, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Albany County for a new trial.



Footnotes

Footnote 1: None of the remaining codefendants testified at defendant's trial.