■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RODRIGUEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY RODRIGUEZ, Appellant.

[716 NYS2d 570] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 14, 1998, convicting defendant David Rodriguez, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of from 4 to 12 years, unanimously affirmed. Judgment, same court and Justice, rendered September 9, 1998, convicting defendant Geoffrey Rodriguez, after a jury trial, of murder in the second degree (two counts), conspiracy in the first degree, and criminal possession of a controlled substance in the first and third degrees, and sentencing him to four consecutive terms of 25 years to life and a concurrent term of $8^1/_3$ to 25 years, unanimously affirmed.

As to both defendants, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The credible evidence clearly established the active participation by defendant Geoffrey Rodriguez in the two murders of which he was convicted, the existence of a single conspiracy including multiple drug-selling operations (*see, People v Leisner*, 73 NY2d 140, 149-151; *People v De Los Angeles*, 270 AD2d 196, 197), and the roles played by each defendant in the conspiracy.

According " 'great deference' " (*People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352) to the court's findings with respect to pretextuality, we conclude that the court's rulings on the applications made by the People and defendants pursuant to *Batson v Kentucky* (476 US 79) are supported by the record.

The court's conspiracy charge, read as a whole, was sufficiently balanced and conveyed the proper standards concerning single and multiple conspiracies (*see, People v De Los Angeles, supra*).

We perceive no basis for reduction of sentence.

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Nardelli, Ellerin, Lerner and Friedman, JJ.