■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CHU, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GUZMAN HERNANDEZ, Appellant. [808 NYS2d 179]—

Judgments, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 9, 1998, convicting defendant Chu, after a jury trial, of murder in the second degree, conspiracy in the second degree and criminal sale of a controlled substance in the third degree, and sentencing him to consecutive terms of 25 years to life, 8⅓ to 25 years and 8⅓ to 25

years, respectively, and convicting defendant Hernandez, after a jury trial, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 12½ to 25 years, unanimously affirmed.

Both defendants' sufficiency arguments are unpreserved (*People v Gray*, 86 NY2d 10 [1995]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that, as to each defendant, the verdict was based on legally sufficient evidence. Furthermore, as to each defendant, the verdict was not against the weight of the evidence. In each instance, there was sufficient corroboration of accomplice testimony (*see* CPL 60.22 [1]). The evidence of defendant Chu's involvement in the murder was corroborated by the testimony of witnesses who were accomplices in the conspiracy but not the murder (*see People v Dorta*, 46 NY2d 818, 820 [1978]; *People v Cruz*, 291 AD2d 1, 6 [2002], *lv denied* 97 NY2d 752 [2002]). Defendant Hernandez's involvement in the conspiracy was corroborated by evidence connecting him to narcotics activity at the main location of the conspiracy's operation (*see People v Steinberg*, 79 NY2d 673, 683 [1992]). Defendants' remaining arguments concerning the sufficiency and weight of the evidence are similar to arguments this Court rejected on an appeal by two codefendants who were tried together with these defendants (*People v Rodriguez*, 277 AD2d 170 [2000], *lv denied* 96 NY2d 738 [2001]).

Defendant Chu's claim of ineffective assistance of counsel is unreviewable on direct appeal because it involves counsel's strategy and preparation, and other matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that Chu received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendants' arguments concerning the court's rulings pursuant to *Batson v Kentucky* (476 US 79 [1986]), and Hernandez's challenge to the court's conspiracy charge, are similar to arguments rejected by this Court on the codefendants' appeal (*People v Rodriguez*, 277 AD2d 170 [2000], *supra*), and there is no reason to reach any different conclusions as to these defendants.

We perceive no basis for reducing Chu's sentence.

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Sullivan, JJ.