■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. LUPO, SR., Appellant. [939 NYS2d 601]—

McCarthy, J.

The conviction for course of sexual conduct against a child in the first degree is supported by legally sufficient evidence.* As relevant here, a person is guilty of that charge "when, over a period of time not less than three months in duration . . . he or she engages in two or more acts of sexual conduct, which includes at least one act of . . . oral sexual conduct . . . with a child less than [11] years old" (Penal Law § 130.75 [1] [a]). The victim who was the subject of this charge testified that she visited defendant's home on certain holidays and several times each summer. She testified that during those visits between August 1, 1996 and when she turned 11 years old in February 1999, defendant touched her breasts and vagina both over and under her clothing numerous times. She further testified that on one occasion when defendant took her swimming in the summertime, he kissed her vagina. This testimony established more than two acts of sexual conduct and an act of oral sexual conduct over a time period longer than three months in duration.

The only substantial question was whether the People proved that the oral sexual conduct occurred after the August 1, 1996 effective date of the statute, as prosecution is not permitted for offenses occurring prior to that date (see L 1996, ch 122, § 7). Defendant points to the victim's testimony that this incident occurred in the "[s]ummertime" when she was "[r]oughly eight or nine" years old. This testimony alone would not be sufficient, as the victim was eight years old in the summer of 1996, leaving open the possibility that this incident occurred prior to the statute's August 1, 1996 effective date. She later responded affirmatively, however, when specifically asked whether the incident where defendant kissed her vagina occurred during the time period between August 1, 1996 and the time that she turned 11 years old. Thus, the victim's testimony constituted legally sufficient evidence to establish all of the elements of course of sexual conduct against a child in the first degree (see People v Reynolds, 81 AD3d 1166, 1166-1167 [2011], lv denied

---

* Defendant's brief does not address in any way the count to which he pleaded guilty, or the sufficiency of the evidence concerning the other count of which he was convicted after trial. Thus, he has abandoned any arguments on those issues (see People v Walrad, 22 AD3d 883 n [2005]).

16 NY3d 898 [2011]; *People v Nowinski*, 36 AD3d 1082, 1083 [2007], *lv denied* 8 NY3d 989 [2007]; *People v Frary*, 29 AD3d 1223, 1224-1225 [2006], *lv denied* 7 NY3d 788 [2006]).

County Court did not assume the role of an advocate by posing questions to witnesses. The court "is permitted to raise matters on its own initiative in order to elicit significant facts, clarify or enlighten an issue or to facilitate the orderly and expeditious progress of the trial" (*People v Tucker*, 140 AD2d 887, 891 [1988], *lv denied* 72 NY2d 913 [1988]; *see People v Yut Wai Tom*, 53 NY2d 44, 57 [1981]). Here, the court did not err by asking a few questions of the People's expert to determine the relevancy of her potential testimony (*compare People v Ahearn*, 88 AD2d 691, 692 [1982]). Additionally, the court did not exceed its authority by seeking to clarify the age of one victim at the time of a particular incident. Thus, defendant was not deprived of a fair trial when the court questioned some witnesses (*see People v Yut Wai Tom*, 53 NY2d at 57; *People v Parrotte*, 34 AD3d 921, 922 [2006]).

Given a trial court's "considerable discretion in determining the admissibility of expert testimony" (*People v Lamont*, 21 AD3d 1129, 1132 [2005], *lv denied* 6 NY3d 835 [2006]), we cannot say that County Court erred in permitting testimony on child sexual abuse accommodation syndrome by a licensed clinical social worker who is the executive director of an organization that assists victims of, among other things, sexual abuse (*see People v Pomales*, 49 AD3d 962, 963-964 [2008], *lv denied* 10 NY3d 938 [2008]). That expert, who had never met the victims, testified generally about the syndrome, did not bolster the victims' testimony and did not attempt to prove that defendant committed the charged crimes (*see People v Gregory*, 78 AD3d 1246, 1247 [2010], *lv denied* 16 NY3d 831 [2011]; *People v Pereau*, 45 AD3d 978, 980 [2007], *lv denied* 9 NY3d 1037 [2008]; *compare People v Taylor*, 75 NY2d 277, 293 [1990]). Hence, the expert testimony was permissible.

Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.