*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                106229
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                MEMORANDUM AND ORDER

JOHN BOYD, Also Known as JB,
                        Appellant.
_____

Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

        Sandra M. Colatosti, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered August 13, 2013 in Albany County, upon a verdict
convicting defendant of the crime of criminal sale of a
controlled substance in the third degree.

        Following a jury trial, defendant was convicted of criminal
sale of a controlled substance in the third degree stemming from
his sale of heroin to a confidential informant (hereinafter CI)
on April 10, 2012.  The trial evidence established that police
detectives strip-searched the CI for contraband and, finding
none, fitted her with a wire and provided her with prerecorded
buy money.  The CI was then transported by one of the detectives
to a location in the City of Albany where she made a controlled
call to defendant arranging for the two to meet.  While under

constant police surveillance, the CI walked via a predetermined route to the agreed-upon location and, after waiting for approximately 20 minutes, defendant and another individual arrived and the three entered a basement apartment. Although the detectives did not observe the transaction, the CI testified that, while in the apartment, defendant gave her a bag of heroin in return for which she gave defendant the marked buy money. After exiting the apartment, the CI returned to the police vehicle and turned over a bag containing a substance that was later determined to be heroin. A search of the CI upon arrival back at the police station again revealed no drugs or money on her person.

Defendant challenges the verdict as contrary to the weight of the evidence, specifically arguing that the testimony of the CI – the only witness to identify him as the individual who sold the heroin – was so inherently suspect as to be unworthy of belief. Although the CI has a lengthy criminal history and agreed to assist authorities in the controlled drug buy in exchange for dismissal of an outstanding drug charge against her, these issues were fully explored on cross-examination and presented to the jury for its consideration (see People v Gibson, 121 AD3d 1416, 1418 [2014], lv denied 24 NY3d 1119 [2015]; People v Jones, 101 AD3d 1241, 1242 [2012], lv denied 21 NY3d 944 [2013]; People v Wilson, 100 AD3d 1045, 1046 [2012], lv denied 22 NY3d 998 [2013]; People v Rose, 79 AD3d 1365, 1366-1367 [2010]). Moreover, the CI's testimony was consistent and corroborated by the detectives who had her under constant surveillance and confirmed that she entered the apartment with the buy money and without any contraband but exited it with heroin (see People v Heaney, 75 AD3d 836, 837 [2010], lv denied 15 NY3d 852 [2010]; People v Golden, 24 AD3d 806, 807 [2005], lvs denied 6 NY3d 812, 813 [2006]). Evaluating the evidence in a neutral light and deferring to the jury's credibility assessments (see People v Danielson, 9 NY3d 342, 348-349 [2007]), we find that the jury gave the evidence the weight it should be accorded (see People v Gibson, 121 AD3d at 1418; People v Nichol, 121 AD3d 1174, 1177 [2014], lv denied 25 NY3d 1205 [2015]; People v Tisdale, 103 AD3d 987, 988 [2013], lvs denied 21 NY3d 1004, 1010 [2013]; People v Rose, 79 AD3d at 1367).

Defendant's contention that Supreme Court failed to give adequate cautionary instructions to the jury concerning note taking is unpreserved for our review (see People v Tubbs, 115 AD3d 1009, 1011-1012 [2014]; People v Schwing, 9 AD3d 685, 686 [2004], lv denied 3 NY3d 742 [2004]; People v Thornton, 4 AD3d 561, 563 [2004], lv denied 2 NY3d 808 [2004]).

Lahtinen, Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court