*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 31, 2016                106003
                                                     107259
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,

        v                                   MEMORANDUM AND ORDER

MICHAEL K. KOCSIS,
                      Appellant.
_____


Calendar Date:   February 11, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                        _____


        John A. Cirando, Syracuse, for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of
counsel), for respondent.

                        _____


Egan Jr., J.

        Appeals (1) from a judgment of the County Court of St.
Lawrence County (Rogers, J.), rendered May 2, 2013, upon a
verdict convicting defendant of the crime of criminal possession
of a forged instrument in the second degree, and (2) by
permission, from an order of said court (Richards, J.), entered
December 8, 2014, which denied defendant's motion pursuant to CPL
440.10 to vacate the judgment of conviction, without a hearing.

        In the fall of 2011, defendant was hired as a worker to
assist in performing certain interior home renovations on a
residence located in the Village of Massena, St. Lawrence County.
On or about December 27, 2011, the homeowner (hereinafter the
victim) discovered that a check in the amount of $125 — drawn on

her deceased husband's checking account — had been cashed and the corresponding funds had been deducted from that account, without her consent or authorization.[1]  The victim immediately reported this incident to the local police and to her bank.  The check, which was made payable to cash, was cashed at the bank upon which it was drawn by Bobbie Jo French — one of defendant's friends.

Defendant thereafter was indicted and charged with one count of criminal possession of a forged instrument in the second degree.  Following a jury trial, defendant was convicted as charged and was sentenced to a prison term of 1⅓ to 4 years.  Defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction, and County Court (Richards, J.) denied that motion without a hearing.  Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.[2]

Initially, we reject defendant's assertion that the People violated his discovery rights by failing to timely disclose certain photographic evidence — specifically, photographs of the renovation work that were taken by the homeowner, one of which (People's exhibit No. 2) depicted defendant in the victim's home in November 2011.  Although this particular photograph of defendant was received into evidence without objection, defense counsel did object to the overall timeliness of the disclosure, contending that the People became aware of such photographs when the victim testified before the grand jury — an allegation that the People denied.  Even assuming, without deciding, that the People failed to disclose the photographs in a timely manner, reversal is not warranted.  The photographs themselves were not "exculpatory or impeaching in nature" (People v Newland, 83 AD3d 1202, 1204 [2011], lv denied 17 NY3d 798 [2011]), and County

_____

[1]  The victim allowed this checking account to remain open following her husband's death in September 2011 to permit certain automatic payments from that account to continue.

[2]  Defendant's motion seeking bail and a stay pending appeal was denied by a Justice of this Court.

Court (Rogers, J.) afforded defendant a meaningful opportunity to cross-examine the victim as to the contents of the photographs and subpoena additional witnesses on this point if necessary (see generally People v Hines, 132 AD3d 1385, 1386 [2015], lv denied 26 NY3d 1109 [2016]; People v Astacio, 105 AD3d 1394, 1395 [2013], lv denied 22 NY3d 1154 [2014]).  Finally, upon reviewing the record as a whole, "we find that there is no reasonable possibility that the verdict would have been different had the relevant [photographs] been disclosed in a timely manner" (People v Dawson, 110 AD3d 1350, 1352 [2013], lv denied 23 NY3d 1035 [2014]; see People v Anderson, 118 AD3d 1138, 1142 [2014], lv denied 24 NY3d 1117 [2015]).

As for defendant's challenges to the legal sufficiency[3] and weight of the evidence, "[a] person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he [or she] utters or possesses any forged instrument of a kind specified in [Penal Law § 170.10]" (Penal Law § 170.25), including a "commercial instrument" (Penal Law § 170.10 [1]).  "Guilty knowledge of forgery may be shown circumstantially by conduct and events, and evidence of an intent to defraud or deceive may be inferred from a defendant's actions and surrounding circumstances" (People v Rebollo, 107 AD3d 1059, 1060-1061 [2013] [internal quotation marks and citations omitted]).

Here, there is no question that the subject check was forged, as the alleged maker of the check died three months prior to purportedly signing that instrument.  With respect to the circumstances surrounding the check's execution, the victim testified that she did not give defendant — or anyone else, for that matter — permission to take the check from the roll-top desk where it was stored, to sign the check on behalf of her deceased

---

[3]  Contrary to the People's assertion, defendant's motions for a trial order of dismissal — made at the close of the People's case and again at the close of all proof — were sufficiently specific to preserve this argument for our review.

husband or to cash it and retain the proceeds.  The victim further testified that defendant worked at her residence "almost on a daily basis," during which time he had access to the roll-top desk at issue.  Defendant's boss, brother and fellow coworker — the other primary individuals working at the victim's residence — each testified that they did not take a check from the victim's residence, nor did they fill out a check belonging to the victim and/or her deceased husband.  Finally, French testified that defendant gave her the subject check, told her it was his paycheck and asked that she cash it on his behalf, which she thereafter did — giving all of the proceeds to defendant.[4]  While defendant now challenges French's veracity, her criminal history was fully explored on cross-examination, and the jury had every opportunity to assess her demeanor and credibility.  Viewing this evidence in the light most favorable to the People, the evidence was legally sufficient to support the verdict.  Further, while a different result would not have been unreasonable, upon viewing the evidence in a neutral light and deferring to the jury's credibility assessments, we do not find the verdict to be against the weight of the evidence.

As for defendant's remaining arguments, we reject defendant's assertion that County Court abused its discretion in fashioning its Sandoval compromise, as our review of the record reveals that the court properly balanced defendant's right to a fair trial against the People's right to impeach defendant's credibility based upon his prior convictions — had he elected to testify (see People v Bateman, 124 AD3d 983, 985 [2015], lv denied 25 NY3d 949 [2015]).  Although County Court indeed neglected to definitively rule as to whether the People would be permitted to inquire into one of defendant's prior convictions — an omission that defendant now contends influenced his decision

---

[4]  Although the check in question bore a notation indicating that it was payment for "labor," defendant's boss testified that his subcontractors customarily were paid in cash and, to the extent that such payment would have been in the form of a check, it would have been via a check drawn on his personal checking account.

as to whether he should testify — we find any error in this regard to be harmless (see People v Grant, 7 NY3d 421, 424-425 [2006]).

Nor are we persuaded that County Court erred in failing to provide the requested accomplice instruction to the jury. Pursuant to CPL 60.22, an accomplice is defined as "a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in . . . [t]he offense charged; or . . . [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2] [a], [b]; accord People v Sage, 23 NY3d 16, 23-24 [2014]). "Thus, to be an accomplice for corroboration purposes, the witness must somehow be criminally implicated and potentially subject to prosecution for the conduct or factual transaction related to the crimes for which the defendant is on trial" (People v Anderson, 118 AD3d at 1143 [internal quotation marks and citations omitted]). In this regard, "[t]he determination of accomplice status depends on whether there is a showing that the witness took part in the preparation or perpetration of the crime with the intent to assist therein, or that the witness counseled, induced or encouraged the crime" (People v Adams, 307 AD2d 475, 476 [2003] [internal quotation marks and citations omitted], lv denied 1 NY3d 566 [2003]), and it is the defendant who bears the burden of proof on this point (see People v Sage, 23 NY3d at 24).

Here, although French indeed was arrested and initially charged for her admitted role in cashing the check, the proof adduced at trial fell short of establishing that she acted with the intent to assist defendant in his perpetration of the charged crime or that she otherwise counseled, induced or encouraged defendant to engage in such conduct. Notably, French testified — without contradiction — that defendant presented her with the check (completed in its entirety), told her that it was his paycheck and asked her to cash it for him. French further testified that she "thought it was okay" because the check bore a notation indicating that it was payment for "labor" and she knew that defendant was "a construction worker." French also stated that she did not know that the check was forged, that she trusted

defendant and that — once the check was cashed — she turned all
of the resulting proceeds over to defendant.  Finally, although
French had prior drug-related convictions, the proof as a whole
failed to establish her role as defendant's accomplice (see
People v Anderson, 118 AD3d at 1143-1144).  Accordingly, County
Court did not err in denying defendant's request to charge on
this point.

As for defendant's claim of prosecutorial misconduct, the
record reflects that, during the course of the trial, certain
references were made — either by the Assistant District Attorney
(hereinafter ADA) presenting the case or the victim — to "checks"
in the plural, thereby suggesting that defendant had stolen more
than one check from the victim.  Although such references
certainly were improper (given that defendant had been charged
with a single count of criminal possession of a forged instrument
in the second degree), defendant objected to only one of the now
challenged comments and, in response to this singular objection,
the ADA was admonished and immediately clarified for the jury
that he "misspoke," stating, "I said checks, it's [a] check."
Under these circumstances, we do not find that defendant was
deprived of a fair trial in this regard.

We do, however, find merit to defendant's argument that he
was deprived of a fair trial based upon the guidance and
instructions provided by County Court to the ADA presenting the
case relative to the rules of evidence.  To be sure, a trial
judge plays a "vital role in clarifying confusing testimony and
facilitating the orderly and expeditious progress of the trial"
(People v Yut Wai Tom, 53 NY2d 44, 57 [1981]; see People v Ojeda,
118 AD3d 919, 919 [2014], lv denied 24 NY3d 1087 [2014]; People v
Adams, 117 AD3d 104, 108-109 [2014], lv denied 24 NY3d 1000
[2014]).  To that end, the court may "raise matters on its own
initiative in order to elicit significant facts [or to] clarify
or enlighten an issue" (People v Lupo, 92 AD3d 1136, 1138 [2012]
[internal quotation marks and citation omitted]).  Such power,
however, "should be exercised sparingly" (People v Yut Wai Tom,
53 NY2d at 57), as "it is the function of the judge to protect
the record at trial, not to make it" (Matter of Kyle FF., 85 AD3d
1463, 1464 [2011] [internal quotation marks and citation

omitted]).

During the course of the trial, the ADA in question demonstrated difficulty in laying the proper foundation for the admission into evidence of certain photographs and bank records and in utilizing a particular document to refresh a witness's recollection. In response, County Court conducted various sidebars, during the course of which the court, among other things, explained the nature of defense counsel's objections, outlined the questions that the ADA needed to ask of the testifying witnesses, referred the ADA to a certain evidentiary treatise and afforded him a recess in order to consult and review the appropriate section thereof. Without further belaboring the point, suffice it to say that our review of the record confirms what County Court itself acknowledged — namely, that in attempting to "explain[] some of the law" and in an effort to avoid portraying defense counsel as "obstructionist," it "explained one thing too many, in all fairness." As County Court's assistance in this regard — although well-intentioned — arguably created the perception that the People were receiving an unfair tactical advantage, we are persuaded that this matter should be remitted for a new trial (compare People v Tucker, 140 AD2d 887, 891-892 [1988], lv denied 72 NY2d 913 [1988]). Defendant's remaining contentions, including his assertion that he was denied the effective assistance of counsel and that County Court (Richards, J.) erred in denying his CPL article 440 motion without a hearing, have been examined and found to be lacking in merit.

Garry, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for a new trial.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court