Peters, P.J.
 

 Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered July 22, 2014, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).
 

 Defendant was indicted for criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts) stemming from his alleged sale of heroin to a confidential informant (hereinafter Cl) on August 27, 2013, August 28, 2013 and September 4, 2013. On each occasion, the Cl placed a call to defendant in advance and was thereafter transported by law enforcement officials to the agreed-upon buy location, where defendant provided the Cl with heroin in exchange for marked buy money. During all three transactions, the Cl wore a transmitter that enabled the investigating officers to listen to and capture an audio recording of the sales. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony drug offender, to concurrent prison terms of 10 years on each count to be followed by three years of postrelease supervision. Defendant appeals.
 

 We find no merit to defendant’s claim that the People failed to establish a sufficient chain of custody for the heroin obtained from the controlled buys. Testimony established that, after each transaction, the Cl ceded the substance purchased to Leon Pratt, a police detective with the City of Amsterdam Police Department. Pratt testified that, on each of the three occasions, he transported the substance to the police station, where it was field tested,
 
 *
 
 and then placed the substance in a sealed and dated evidence bag that was stored in the evidence locker. The evidence custodian for the City of Amsterdam Police Department described his transportation of the evidence from the August 27 and 28, 2013 controlled buys to and from the evidence locker and the State Police crime laboratory. While this witness did not personally transport the evidence secured from the September 4, 2013 controlled buy to the crime laboratory, he confirmed that, when he picked up the sealed evidence bag to return it to the evidence locker, it was in the same condition as it was prior to being transferred to the crime laboratory. In addition, the People presented the testimony of the State Police forensic scientist who received, tested, weighed and secured the heroin, and she explained that the evidence admitted at trial was in the same condition as when she examined it. Such testimony, taken as a whole, provides the requisite “reasonable assurances of the identity and unchanged condition of the drugs to authenticate that evidence” (People v Danford, 88 AD3d 1064, 1067 [2011], lv denied 18 NY3d 882 [2012]; see People v Julian, 41 NY2d 340, 343 [1977]; People v Carter, 131 AD3d 717, 723 [2015], lv denied 26 NY3d 1007 [2015]; People v Gilmore, 72 AD3d 1191, 1192-1193 [2010]), and any purported gaps or weaknesses in the chain of custody “go to the weight of the evidence, not its admissibility” (People v Hawkins, 11 NY3d 484, 494 [2008]; accord People v Carter, 131 AD3d at 723; see People v Bellamy, 34 AD3d 937, 939 [2006], lv denied 8 NY3d 843 [2007]). Thus, County Court properly admitted the heroin into evidence.
 

 Nor are we persuaded that defendant was deprived of a fair trial as a result of a single instance in which County Court interjected itself into the proceeding. A trial court “is permitted to raise matters on its own initiative in order to elicit significant facts, clarify or enlighten an issue or to facilitate the orderly and expeditious progress of the trial” (People v Lupo, 92 AD3d 1136, 1138 [2012] [internal quotation marks and citation omitted]; see People v Yut Wai Tom, 53 NY2d 44, 57 [1981]). “However, because the court’s principle function is to protect the record, not to make it, such power must be exercised sparingly, without partiality, bias or hostility, as excessive interference or the suggestion of an opinion on the part of the trial judge might well prove decisive in the minds of the jury” (People v Byrd, 152 AD3d 984, 988 [2017] [internal quotation marks, brackets and citations omitted]; see People v Kocsis, 137 AD3d 1476, 1481 [2016]).
 

 Here, County Court suspended the testimony of a witness and engaged in a relatively brief colloquy with the prosecutor and defense counsel concerning a chain of custody issue. The discussion was conducted outside the presence of the jury, thereby foreclosing any possibility that the court’s interference would unduly influence the jury (see People v Byrd, 152 AD3d at 988; compare People v Yut Wai Tom, 53 NY2d at 57-58; People v Kocsis, 137 AD3d at 1481). Moreover, inasmuch as an adequate chain of custody had already been established for the heroin at issue, it cannot be said that the court’s decision to permit the People to call an additional witness to address a purported gap in the chain created a tactical advantage for the People (see People v Vazquez, 145 AD3d 1268, 1271 [2016]; People v Adams, 117 AD3d 104, 109 [2014], lv denied 24 NY3d 1000 [2014]). Upon our review of the record, we find no basis upon which to conclude that County Court was biased against defendant or that the court’s interference served to deprive him of a fair trial (see People v Byrd, 152 AD3d at 988; People v Lupo, 92 AD3d at 1138; People v Tucker, 140 AD2d 887, 891 [1988], lv denied 72 NY2d 913 [1988]; compare People v Kocsis, 137 AD3d at 1481).
 

 The verdict is supported by legally sufficient evidence and is not contrary to the weight of the evidence. Testimony provided by the Cl and the various law enforcement officials — who strip-searched the Cl before and after each of the subject transactions, provided him with buy money, transported him to the buy locations and observed portions of the drug transactions— together with the audio recordings of the buys and the positive test results, establish a valid line of reasoning and permissible inferences from which the jury could rationally conclude that defendant knowingly and unlawfully possessed and sold narcotics on three separate occasions (see Penal Law §§ 220.16 [1]; 220.39 [1]; People v Gibson, 121 AD3d 1416, 1417 [2014], lv denied 24 NY3d 1119 [2015]; People v Ebron, 90 AD3d 1243, 1244 [2011], lv denied 19 NY3d 863 [2012]; People v Chatham, 55 AD3d 1045, 1046 [2008], lv denied 14 NY3d 839 [2010]). While defendant argues that the testimony of the CI — the only witness to identify him as the individual who sold the heroin— should be accorded little, if any, weight due to the fact that the CI was an admitted drug addict and agreed to assist authorities in an effort to obtain favorable treatment with regard to certain outstanding criminal charges against him, these issues were fully explored at trial and presented credibility questions for the jury to resolve (see People v Johnson, 151 AD3d 1462, 1465 [2017]; People v Boyd, 135 AD3d 1163, 1163 [2016], lv denied 27 NY3d 963 [2016]; People v Gibson, 121 AD3d at 1418; People v Vargas, 72 AD3d 1114, 1118 [2010], lv denied 15 NY3d 758 [2010]). According the requisite deference to those credibility assessments and viewing the evidence in a neutral light (see People v Danielson, 9 NY3d 342, 348-349 [2007]), we are satisfied that the verdict is supported by the weight of the evidence (see People v Boyd, 135 AD3d at 1163-1164; People v Gibson, 121 AD3d at 1418; People v Tisdale, 103 AD3d 987, 988 [2013], lv denied 21 NY3d 1010 [2013]).
 

 Finally, we are unpersuaded by defendant’s contention that his sentence is harsh and excessive. In sentencing defendant to six concurrent terms of 10 years in prison, County Court imposed an aggregate sentence significantly less than the maximum potential consecutive sentences authorized for these crimes (see Penal Law §§ 70.25 [2]; 70.70 [3] [b] [i]) after considering relevant factors, including defendant’s prior drug-related conviction and refusal to accept responsibility for his actions. Further, there is no support in the record for defendant’s claim that he was punished for rejecting a plea offer of eight years in prison and exercising his right to trial (see People v Collier, 146 AD3d 1146, 1152 [2017], lv denied 30 NY3d 948 [Sept. 4, 2017]; People v Lee, 129 AD3d 1295, 1300 [2015], lv denied 27 NY3d 1001 [2016]). Finding neither an abuse of discretion by County Court nor extraordinary circumstances warranting modification, we decline to disturb the sentence imposed (see People v Gethers, 151 AD3d 1398, 1402 [2017]; People v Lee, 129 AD3d at 1300; People v Gibson, 121 AD3d at 1419).
 

 McCarthy, Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 Defendant failed to preserve his claim that the admission of the field test results through the testimony of Pratt violated his rights under the Confrontation Clause (see People v Kello, 96 NY2d 740, 743 [2001]; People v Cade, 110 AD3d 1238, 1240-1241 [2013], lv denied 22 NY3d 1155 [2014]; People v Snyder, 91 AD3d 1206, 1213 [2012], lv denied 19 NY3d 968 [2012], cert denied 568 US 1070 [2012]; People v McMillon, 77 AD3d 1375, 1375-1376 [2010], lv denied 16 NY3d 897 [2011]). To the extent that defendant objected to the admission of such testimony on the ground of impermissible hearsay, any error was harmless in light of the testimony of the State Police forensic scientist (see infra) who independently tested the substances at issue and concluded that they were, in fact, heroin (see People v Kello, 96 NY2d at 744; see generally People v Crimmins, 36 NY2d 230, 240-241 [1975]).