Mulvey, J.
 

 Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 17, 2014, upon a verdict convicting defendant of the crimes of robbery in the third degree and endangering the welfare of a child.
 

 In May 2011, defendant was indicted on charges of burglary in the first degree, robbery in the third degree, assault in the third degree, endangering the welfare of a child, criminal obstruction of breathing or blood circulation and harassment in the second degree. The charges stem from a March 31, 2011 incident in which defendant forced his way into the apartment of his ex-girlfriend (hereinafter the victim) and retrieved a cell phone, which defendant later claimed belonged to him. Following a jury trial, defendant was convicted of robbery in the third degree and endangering the welfare of a child, but was acquitted of the remaining charges. Defendant was sentenced to an aggregate prison term of 2V2 to 5 years and now appeals.
 

 We affirm. Initially, defendant argues that the verdict convicting him of robbery in the third degree was against the weight of the evidence primarily on the ground that he owned the cell phone that he retrieved from the victim’s apartment and that he had a right to it superior to that of the victim or her daughter. Robbery in the third degree requires that a person “forcibly steals property” (Penal Law § 160.05), which requires, as relevant here, proof that, “in the course of committing a larceny, he [or she] use[d] . . . physical force upon another person for the purpose of. . . [preventing or overcoming resistance to the taking of the property” (Penal Law § 160.00 [1]; see People v Pagan, 19 NY3d 91, 96 [2012]). With regard to the challenged element here, larceny involves the wrongful taking of property from an “owner” with the intent to deprive the owner of the property (Penal Law § 155.05 [1]), and an “owner” is broadly defined as “any person who has a right to possession [of the property] superior to that of the taker” (Penal Law § 155.00 [5]; see People v Matthew P., 26 NY3d 332, 336 [2015]).
 

 Here, the victim testified that, although she and defendant had been in contact the day before the March 31, 2011 incident, their seven-month relationship had ended about one month prior to the incident. The victim testified that earlier that month, defendant had given cell phones to her and her daughter as belated Christmas gifts and that the monthly service charges were billed to defendant. Testimony also confirmed that the cell phones were activated in mid-March. The victim testified that on the evening before the incident, while she was out at a local club, defendant called her and accused her of seeing other men; defendant called her again several times beginning around 1:00 a.m., accusing her of having another man in her apartment and threatening her. During his last call, the doorbell rang and defendant forced his way into the victim’s apartment through the locked door; she demanded that he leave, but he searched her apartment for the suspected other man. She recounted that a brawl involving herself, defendant and the daughter ensued, during which the victim ended up on the floor with defendant squeezing her neck and hitting her in the head until she surrendered her cell phone to him. The daughter corroborated this account and testified that defendant pursued her, trying to take her cell phone as she attempted to dial 911; defendant grabbed, hit and threatened her and then left the apartment with the victim’s cell phone, unable to gain possession of the daughter’s cell phone. A sheriffs deputy testified concerning the victim’s facial injuries and the damage to the door to the victim’s apartment. An employee of Verizon Wireless testified that the phone numbers for the cell phones of the victim, the daughter and defendant were all on one shared group cell phone plan and that the monthly charges were billed to defendant at his home address. He explained that while service would have been cut off if the monthly charges were not paid, Verizon would not attempt to recover the cell phones.
 

 Defendant, by contrast, testified that the cell phones were his property and denied that he had given them as gifts to the victim or her daughter. He claimed that he was never asked to leave the apartment and was ambushed by the victim and the daughter when he attempted to take the cell phones. He denied ever hitting the daughter and claimed that the victim’s facial injuries were the result of an errant punch thrown by the daughter. While he claimed that he had a key to the victim’s apartment and could come and go as he pleased, his key was later tested and did not work on the door lock.
 

 Upon review of all the credible evidence, we find that a different verdict would not have been unreasonable and, thus, we must view the evidence in a neutral light and “weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Gordon, 119 AD3d 1284, 1285 [2014], lv denied 24 NY3d 1002 [2014]). Further, “as part of our weight of the evidence review, [we] evaluate whether the elements of [the] crime were proven beyond a reasonable doubt” (People v Collier, 146 AD3d 1146, 1147-1148 [2017], lv denied 30 NY3d 948 [2017]; see People v Danielson, 9 NY3d 342, 349 [2007]).
 

 Initially, it is clear that the jury did not find defendant to be credible, “a determination [to] which we accord deference” (People v Griffin, 26 AD3d 594, 596 [2006], lv denied 7 NY3d 756 [2006]). Viewing the evidence in a neutral light, we find that the People proved all of the elements of robbery in the third degree, establishing that defendant forcibly stole the victim’s cell phone and, in the course of doing so, he used physical force against the victim and the daughter in order to overcome their resistance, intending to deprive the victim of her cell phone. Significantly, “ownership is not limited to the title owner of the property. Rather, it is enough that [the victim] have a right to possession of the property superior to that of the thief” (People v Matthew P., 26 NY3d at 336 [internal quotation marks and citations omitted]). The victim’s and the daughter’s testimony established the victim’s superior right to her cell phone. Defendant’s claim of ownership of the victim’s cell phone is premised upon the fact that he secured the cell phone plan, paid for the service—which the victim testified she contributed to—and imposed some cost restrictions on the victim’s phone. This did not, however, establish his ownership of or superior right to the cell phone itself, particularly given the victim’s and the daughter’s testimony that the cell phones were given as gifts to them, which the jury rationally credited. Based on the record before us, we conclude “that there is no basis upon which to determine that the jury failed to give the evidence the weight it should be accorded” (People v Johnson, 38 AD3d 1012, 1014 [2007]), and that the verdict was not against the weight of the credible evidence.
 

 Defendant also contends that County Court erred by allowing his parole officer to testify during the People’s case to establish defendant’s residence at the time of the incident, in order to refute defendant’s claim that he often stayed overnight at the victim’s apartment and could come and go as he pleased. Prior to trial, the People submitted to the court a list of proposed questions and the officer’s expected answers, and the court permitted testimony solely to establish defendant’s address, i.e., to establish that defendant did not live at the victim’s apartment, which was relevant to the burglary charge. At trial, the officer’s testimony was limited to the fact that he was employed by the state, knew defendant in a professional capacity and maintained a record of and visited defendant’s residence, which never included the victim’s residence. Neither the officer’s job title nor the fact that defendant had a criminal history and was under parole supervision was disclosed during this testimony, and defendant was acquitted on the burglary charge, the only charge relevant to this testimony. Given the relevance of this testimony to the burglary charge, of which he was acquitted, we discern no error or abuse of discretion in allowing this circumscribed testimony (see People v Mateo, 2 NY3d 383, 424 [2004], cert denied 542 US 946 [2004]). Moreover, in its charge, County Court specifically advised the jury not to speculate as to any matters not in evidence. Finally, given that defendant failed to request a curative instruction at any point with regard to the officer’s testimony and did not object to the final charge as given, defendant’s claims in that regard are unpreserved for our review (see CPL 470.05 [2]; People v Jackson, 29 NY3d 18, 22 [2017]; People v Heiserman, 127 AD3d 1422, 1424-1425 [2015]).
 

 Peters, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.