People v Braxton (2018 NY Slip Op 01510)





People v Braxton


2018 NY Slip Op 01510


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

108148

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ERIC H. BRAXTON, Appellant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Jay L. Wilber, Public Defender, Binghamton (Jamie L. Vandenburgh of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephanie Milks of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 16, 2015, (1) upon a verdict convicting defendant of the crimes of robbery in the third degree and criminal possession of stolen property in the fifth degree, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.
Early one morning in August 2014, an assailant on a bicycle robbed the victim of her cell phone in the City of Binghamton, Broome County. A few hours later, the phone was sold at an ECOatm — a machine that exchanges cash for small electronic devices — in a nearby shopping mall. Police used data recorded by the machine to identify defendant as the seller. He was
indicted on charges of robbery in the third degree and criminal possession of stolen property in the fifth degree. After a hearing, County Court found that defendant had violated his probation on a prior conviction of attempted robbery in the third degree and adjourned his sentencing thereon to await the outcome of the robbery and criminal possession charges. Following a jury trial, defendant was convicted of both crimes and sentenced as a second felony offender to a jail term of one year on the criminal possession conviction and to a prison term of 3 to 6 years on the robbery conviction. The court also revoked his probation and sentenced him on the prior attempted robbery conviction to a prison term of 1&frac13; to 4 years, with that sentence to run consecutively to his sentences on the other convictions. Defendant appeals.
Defendant contends that his convictions were against the weight of the evidence, asserting that, although the People established that he sold the victim's phone at the ECOatm, [*2]they did not prove that he took the phone from the victim or that he knew it was stolen. At trial, the victim testified that, on the morning of the crime, she left her home and walked toward a bus stop several blocks away, carrying her cell phone in her hand. As she passed through an isolated area, a man on a bicycle came up behind her on the sidewalk, rang the bicycle bell and said, "[E]xcuse me, excuse me." When the victim stepped off the sidewalk to allow him to pass, the assailant told her to give him the cell phone and tried to take it from her. She resisted, and the assailant pushed her onto the ground face first, took the phone, and rode away on the bicycle. The victim told police that she could not identify the assailant because the incident happened so quickly and because his face was partly covered by his sweatshirt hood. However, she provided a general description of his appearance, including his facial hair, and later testimony established that defendant matched the victim's description.
A police field intelligence officer testified that an ECOatm is an unstaffed kiosk that exchanges cash for electronic devices through an automated process. When used for such a transaction, the machine takes photographs and also requires a fingerprint and a scan of the seller's driver's license. This information is accessible to police. The officer testified that his search revealed that, a few hours after the crime occurred, a phone of the same model as the victim's had been sold through an ECOatm at a mall near the scene of the crime. The driver's license associated with this sale was defendant's, and the photographs taken by the machine matched the license photo. The officer retrieved the phone and identified it as the victim's stolen phone by its serial number.
The officer and a detective went to defendant's home, which was located a few blocks from the crime scene. Defendant was not present, but they obtained his phone number from a relative and observed an adult-sized mountain bike on the porch of his residence. Defendant spoke with the detective on the phone and agreed to come to the police station. After being given Miranda warnings, defendant acknowledged that he had sold the phone at the ECOatm for $50, stating that he had bought it from a "crack head" whose name he did not know for $30 earlier that morning, near the scene of the crime. After the purchase, he found that the phone was locked and, lacking a passcode, decided to sell it. In the course of his interview, defendant described the timing and route of his travel that morning in substantial detail, asserting that he had traveled by bus and had made other stops before arriving at the mall. When confronted with apparent inconsistencies in this account, defendant responded by changing the time frame.
A public transportation employee described the pertinent bus routes and schedules. His testimony and that of the detective revealed that, for several reasons, the route and timing that defendant claimed he had followed was not possible. However, the testimony about the bus schedules did support the People's theory of defendant's activities that morning. Further, a witness at a location that defendant alleged he had visited before selling the phone at the ECOatm testified that defendant would have been required to sign in upon arrival, and that his name did not appear on the roster for the day of the crime.
Defendant's mother and stepfather testified on defendant's behalf, asserting that he was at home at the time of the crime and did not leave the house until later that morning. They also denied that defendant either owned or used the bicycle that the officers had observed at the residence, stating that it belonged to a boy in another apartment. If the jury had credited this testimony and defendant's statement to the detective that he had purchased rather than stolen the phone, a different verdict would not have been unreasonable (see People v Favors, 155 AD3d 1081, 1083 [2017]). Clearly, however, the jury did not accept that testimony, and it was free to infer that defendant took the phone and knew that it was stolen based upon the circumstantial evidence, including the unpersuasive nature of defendant's explanations for his acquisition of the [*3]phone and his activities before he sold it. Giving appropriate deference to the jury's credibility assessments and viewing the evidence in a neutral light, we find that the verdict was not against the weight of the evidence (see id.; People v Newell, 148 AD3d 1216, 1221 [2017], lv denied 29 NY3d 1035 [2017]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant next contends that he was denied a fair trial when County Court posed a question during a sidebar conference that prompted the People to recall one of their witnesses to provide an in-court identification of defendant as the person who sold the victim's phone. This claim is unpreserved (see People v Charleston, 56 NY2d 886, 887-888 [1982]; People v Anderson, 114 AD3d 1083, 1087 [2014], lv denied 22 NY3d 1196 [2014]), and, if the issue were properly before us, we would find no reason to modify the judgment. The jury did not hear the court's question and so could not have been unduly influenced by it. The People had also introduced ample other evidence identifying defendant as the seller of the phone, specifically including the detective's testimony that defendant admitted that he had done so (see People v Arce-Santiago, 154 AD3d 1172, 1174 [2017]).
Finally, we are unpersuaded that defendant's sentence is harsh or excessive. The fact that the sentence imposed after trial was longer than one offered to defendant during plea negotiations, without more, does not establish that he was punished for asserting his right to trial (see People v Pena, 50 NY2d 400, 411-412 [1980], cert denied 449 US 1087 [1981]; People v Nichol, 121 AD3d 1174, 1178 [2014], lv denied 25 NY3d 1205 [2015]). In view of defendant's criminal history, which includes prior thefts and violent offenses, there was no abuse of discretion or extraordinary circumstances warranting a modification (see People v Simpson, 155 AD3d 1246, 1247-1248 [2017]; People v Carelli, 41 AD3d 1092, 1093 [2007]; People v Jones, 4 AD3d 622, 624 [2004], lv denied 2 NY3d 801 [2004]).
Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.