People v Jones (2018 NY Slip Op 08205)





People v Jones


2018 NY Slip Op 08205


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

108723

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
STEPHANIE D. JONES, Appellant.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Barrett D. Mack, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 22, 2016 in Albany County, upon a verdict convicting defendant of the crimes of assault in the second degree, leaving the scene of a serious physical injury collision without reporting and reckless driving.
In the early morning hours of February 27, 2015, defendant and her friend, Joveyan Harriott, left a bar after several hours of drinking together and ultimately walked to Harriott's car, at which point one of them got into the driver's seat. The driver thereafter struck several vehicles and a pedestrian (hereinafter the victim), causing him serious bodily injury. Defendant and Harriott then exited their vehicle, which had crashed into a car parked at the gas station where the victim had been walking, and they later left the scene on foot without reporting the incident and before the police arrived. Defendant was subsequently charged with, as relevant here, assault in the first degree, assault in the second degree, leaving the scene of a serious physical injury collision without reporting, criminal mischief in the third degree and reckless driving. Following a jury trial, at which Harriott testified against defendant, defendant was convicted of assault in the second degree, leaving the scene of a serious physical injury collision without reporting and reckless driving. Defendant was sentenced to an aggregate prison term of 6 to 8 years, as well as a period of postrelease supervision. Defendant now appeals.
Defendant's sole contention on appeal is that Supreme Court committed reversible error when it denied her request for an accomplice charge relating to Harriott. Pursuant to CPL 60.22 (1), "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." For purposes of the corroboration requirement, an accomplice is "a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) [t]he offense charged; or (b) [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]). If the trial court concludes, based upon the undisputed evidence, that "the jury could [*2]reasonably reach no other conclusion but that" the witness is an accomplice within the meaning of CPL 60.22 (2), then the witness is an accomplice as a matter of law and the court must instruct the jury that the witness is an accomplice, subject to the statutory corroboration requirement (People v Besser, 96 NY2d 136, 147 [2001]; see People v Sage, 23 NY3d 16, 23 [2014]; People v Caban, 5 NY3d 143, 153 [2005]). If, however, the trial court finds that "different inferences may reasonably be drawn from the proof regarding complicity" (People v Basch, 36 NY2d 154, 157 [1975]; accord People v Caban, 5 NY3d at 152-153), then the court must submit that factual question to the jury for resolution and instruct the jury "to apply the corroboration requirement only if [it] makes a factual finding that the witness is an accomplice in fact" (People v Sage, 23 NY3d at 24; see People v Sweet, 78 NY2d 263, 266 [1991]).
Notwithstanding the fact that Harriott was initially charged with the same crimes as defendant, but entered into a plea agreement that would allow her to plead guilty to disorderly conduct in exchange for her full cooperation in defendant's criminal prosecution, the evidence does not support the conclusion that Harriott was an accomplice under CPL 60.22 (2) (see People v Kocsis, 137 AD3d 1476, 1480 [2016]). At trial, Harriott and one other eyewitness affirmatively identified defendant as the driver of the vehicle that struck and seriously injured the victim, and DNA evidence taken from the driver's side airbag matched defendant. Additionally, although Harriott denied having any knowledge when she left the scene that the victim had been hit, the victim testified to overhearing a conversation between defendant and Harriott in which Harriott asserted — in response to defendant's stated intention to flee — that they should help the victim. Considering the charges and these underlying circumstances, there is no reasonable view of the evidence under which Harriott — as the passenger — could be considered to have participated in the charged offenses or an offense based upon the same or some of the same facts or conduct that constitute the charged offenses (see CPL 60.22 [2]; People v Tucker, 72 NY2d 849, 850 [1988]; People v Anderson, 118 AD3d 1138, 1143-1144 [2014], lv denied 24 NY3d 1117 [2015]; compare People v Whyte, 144 AD3d 1393, 1394-1395 [2016]). Although there were some inconsistencies in the eyewitness testimony, the factual issues presented by those inconsistencies implicated the question of whether Harriott, rather than defendant, was the driver of the vehicle; they did not, as defendant contends, raise a question as to whether Harriott was complicit in the charges against defendant. Accordingly, Supreme Court properly denied defendant's request for an accomplice charge (see People v Kocsis, 137 AD3d at 1480; People v Anderson, 118 AD3d at 1143-1144).
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.